IN THE

## SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1827, IN THE ELEVENTH YEAR
OF THE STATE.

---

### HARRINGTON v. WITHEROW, in Error.

*A.* ASSIGNED to *B.* a note against *C.* in payment of a judgment which *B.* had obtained against *A.;* and it was agreed, that if the money could not be obtained by due course of law from *C., A.* would pay to *B.* the amount due on the judgment. *Held,* that, in a suit by *B.* against *A.,* after failure to recover the money from *C.,* an averment in the declaration that the plaintiff had, without delay, prosecuted *C.* to insolvency without obtaining the money is insufficient;—that due diligence, in the prosecution of a suit, is a matter of law arising out of the facts of the case, which facts must be set out that the Court may determine whether they show due diligence or not;—that the time when and the place where suit was instituted, the time judgment was obtained, the nature of the execution, the time it issued, and the sheriff's return, should be set forth (1). *Held,* also, that if the sum to which the plaintiff was entitled depended on the amount due on the judgment, the Court could assess the damages, after judgment for the plaintiff on demurrer, without a jury; and so wherever there are records or other undisputed documents to determine the amount due (2).

*Monday,*
*May 7.*

May Term,
1827.

(1) Vide *Hanna* v. *Pegg*, Vol. 1. of these Rep. 181, 183. In an action of false imprisonment, the defendant attempted to justify the arrest on a suspicion of forgery, and stated in his plea that the plaintiff was *suspiciously* possessed of a note and disposed of it in a *suspicious manner*, and in a *suspicious manner* left *England* and went to *Scotland*. *Held*, that the plea was too general; and that the causes of suspicion ought to have been set forth in certainty. *Mure* v. *Kaye*, 4 Taunt. 34. Vide 1 Chitt. Pl. 217—241.—Gould, 53.—*Harrod* v. *Barretto*, 1 Hall, 155, 164.—*Starbuck* v. *Murray*, 5 Wend. 148, 159.

(2) Vide *Tannehill* v. *Thomas*, Vol. 1. of these Rep. 144, and note. R. C. 1831, p. 408.