May Term,
1827.

RENO
v.
HOLLOWELL.

---

### RENO and ANOTHER v. HOLLOWELL.

Covenant on an obligation for the payment of money. Plea of payment and a release, which release the plaintiff had since destroyed. Replication, that the plaintiff had not destroyed the release. *Held*, that the plaintiff, not having specially demurred to the plea for duplicity, as he might have done, was bound to answer all its parts; and that the replication, therefore, not denying the payment, was insufficient.

*Tuesday,*
*May 8.*

ERROR to the *Jackson* Circuit Court.

SCOTT, J.—*Hollowell* declared against *Reno* and *Moore* in covenant on an obligation for a sum of money. The defendants pleaded that they had, before the commencement of the suit, paid to the plaintiff the full amount of the said writing obligatory, together with all interest, which the plaintiff accepted in full satisfaction; and that the plaintiff executed and delivered to them a release of the said writing or covenant, which release he, afterwards, forcibly wrested out of their hands and possession and tore it in pieces. The plaintiff replied, that he did not forcibly wrest and tear in pieces the said supposed release, as said defendants had alleged. There was a demurrer to this replication, joinder, and judgment for the plaintiff.

This plea sets up two distinct matters of defence, payment, and a release, either of which alone, if well pleaded, would be a sufficient bar to the action. The plaintiff might have objected to it, by special demurrer, for duplicity; but not having done so, he was bound to answer all its parts. 5 Bac. Abr. 444, 5.—1 Chitt. 513.—1 Vent. 272 (1).

This replication does not deny the payment, which is material. It is, therefore, substantially defective, and the demurrer ought to have been sustained.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the plea are set aside, with costs. Cause remanded, &c.

*Braman*, for the plaintiffs.

*Nelson*, for the defendant.

(1) If, instead of demurring for duplicity, the opposite party passes the fault by and pleads over, he is, in that case, bound to answer each matter alleged; and has no right, on the ground of the duplicity, to confine himself to any single part of the adverse statement. Steph. on Pl. 295.