THE MADISON, WATERTOWN, & MILWAUKEE
PLANK ROAD CO., Plaintiff in Error,

*vs.*

WILLIAM D. REYNOLDS, Defendant in Error.

ERROR TO THE MILWAUKEE COUNTY COURT.

The act of the territorial legislature, passed February 2, 1846, incorporating the Lisbon and Milwaukee Plank Road Company, contained a provision that the "future State of Wisconsin, through the legislature, may at any time alter or repeal this act;" and an amendment to said act passed by the territorial legislature, March 1st, 1848, contained also this provision: "this act may be amended by any future legislature of the Territory or State of Wisconsin;" it also changes the name of the company to the Madison, Watertown and Milwaukee Plank Road Company. This act was accepted by the company by adopting and doing business under this last name—*held;* that by thus accepting the last named act and adopting the said name, the company had accepted all the provisions of the act and were bound by them. Among which was the right of a future legislature to alter or amend the act.

A mistake in the date of passage, or title of an act of the legislature referred to by a subsequent amendatory act, will not prevent the operative effect of the amendatory act, provided the latter so particularly refers to the subject matter of the former as clearly to indicate the act intended to be amended.

The charter of the Madison, Watertown and Milwaukee Plank Road Company, and the several acts amendatory thereto, authorize such company to demand and receive tolls after the rate prescribed for the number of miles travelled on such road, estimated by actual travel, and not by the distance between gates.

Travellers on said road are bound, when requested by the toll gatherer or other person employed on the road, to report the distance they have travelled or desire to travel, under a penalty for refusing so to do, or for reporting untruly.

This was an action of debt brought by the defendant in error against the plaintiff in error, originally before a justice of the peace of Milwaukee county, to recover the penalty prescribed by the statute for taking illegal toll. The justice gave judgment in favor of the plaintiff below, for the penalty, with

JUNE TERM 1854.

Mad.,Wat. & Mil. P. R. Co. vs. Reynolds.
costs ; from which the defendant below appealed to the County Court.

In the County Court, the defendant obtained leave and filed a general issue, *nihil debet.* The cause was tried at the December term, 1853, of said County Court. On the trial the plaintiff proved that at the time mentioned in said declaration, he travelled less than three miles on said plank road, with a wagon drawn by two horses; that in passing gate No. 4, mentioned in the declaration, there was demanded of him by the gate-keeper, and he paid for such travel, twenty-five cents toll. The plaintiff also put in evidence the act of incorporation of said company, and the several acts amendatory thereto.

The defendant introduced no evidence. Whereupon the County Court rendered judgment in favor of the plaintiff below for ten dollars debt, and nineteen dollars and eighty-two cents costs. To reverse which this writ of error is brought.

On the part of the plaintiff in error it was contended that as this suit is brought to recover a penalty under the act of April 2d, 1853, and no other law, and as said act specifically applies to, and amends the seventh section of an act to provide for the construction of the Lisbon and Milwaukee Plank Road from Watertown to Madison, approved April 1, 1848, and as there was no act of that date that has any application to said company, they were not affected thereby.

That the company thereby by their charter of February 2, 1846, were authorized to take specific toll for passing their gates, as they have taken in this case ; and that this act was a contract with the legislature with them, under which they invested their

money in building the road, in consideration of the <sup>June Term 1854.</sup> tolls which they were thereby authorized to receive; that the legislature could not amend or repeal their <sup>Mad., Wat. & Mil. P. R. Co. vs. Reynolds.</sup> charter so as to take away their property or a portion of it without providing compensation.

That the act of April 2, 1853, is in conflict with the Constitution of the State, and void, in that it provides that the penalty for the breach of a penal law shall be forfeited to and recovered by the party aggrieved, whereas the Constitution provides that it shall go to the school fund.

That the first charter of the company was passed in 1846, and amended and extended in 1848; the act under which this suit is brought, if of any force at all, amends the amendatory act of 1848, and does not affect the act of 1846; the company's right to take toll under the act of 1846 is therefore left unimpaired.

On the part of the defendant in error it was contended, that the legislature of the territory or future State of Wisconsin had the power at any time, by express reservation contained in the charter of the company, to alter or amend the same; and that the legislature having exercised such power, was bound thereby.

*D. A. J. Upham & L. Wyman*, for the plaintiff in error.

*Byron Paine*, for the defendant in error.

*By the Court*, WHITON, C. J. It appears that by an act of the legislature of the territory of Wisconsin, passed on the second day of February, A. D. 1846, a company was incorporated by the

June Term
1854.

Mad.,Wat.
& Mil.
P. R. Co.
vs.
Reynolds.

name of the "Lisbon and Milwaukee Plank Road Company." This company had the power to construct a plank road from a point where the north Madison territorial road crossed the range line dividing ranges nineteen and twenty, to a point within one mile of the Milwaukee river, in the direction of the westward of Milwaukee village. The company also had the power to "extend said plank road from said range line nineteen and twenty to the village of Watertown, in Jefferson county, or any part of the way to said village."

The company had power, whenever ten consecutive miles of the road should be completed, to cause a toll-gate to be erected, or when five miles should be completed, a half toll-gate, at which gates the company was entitled to receive from travellers on the road certain tolls. Section 18 of this act is as follows: "The corporation hereby created, shall exist and be continued twenty years, and the future State of Wisconsin, through its legislature, may at any time alter or repeal this act."

The next act of the legislature bearing upon the question before us, was passed by the legislature of the territory of Wisconsin, on the first day of March, 1848, and is entitled "an act to provide for the continuation of the Lisbon Plank Road, from Watertown to Madison." By it, the company had the right to "locate and construct a plank road from Watertown to Madison, in continuation of the road which said company is authorized to make from Milwau... and Lisbon to Watertown."

This act contained a provision changing the name of the company to the "Madison, Watertown and Milwaukee Plank Road Company." It also contained

a section fixing the tolls which the company was
authorized to take, and in this respect it was an exact
copy of the act of February 2d, 1846 ; fixing the
tolls at the same rate. It also contained a section as
follows : " This act may be amended by any future
legislature of the territory or State of Wisconsin."
The last act passed by the legislature in relation to
the subject, was passed on the 2nd day of April,
1853, and is entitled " an act to amend the charter of
the Madison, Watertown and Milwaukee Plank Road
Company."

By this act it is provided, that "whenever said
company shall have completed their road, or any five
consecutive miles thereof, the said company may
erect one or more toll-gates upon said road, but not
within three miles of each other, and may demand
and receive tolls not exceeding the following rates :
for every vehicle drawn by one animal, one cent per
mile ; for every vehicle drawn by two animals two
cents per mile ; and if drawn by more than two ani-
mals half a cent per mile for every additional animal.
For every horse and rider or led animal, a half cent
per mile. For one score of sheep or swine one cent
per mile, and for every score of neat cattle three
cents per mile."

It is claimed that the company is authorized to de-
mand and receive under this section, at each gate
through which a traveller passes, a sum equal to the
amount which he would be required to pay if he
travelled the whole distance between the gates,
whether he actually travelled the distance or not, and
that as the toll taken by the agent of the company
did not exceed the sum which the company was au-

JUNE TERM
1854.

Mad., Wat.
& Mil.
P. R. Co.
vs.
Reynolds.

thorized to receive by this construction of the statute, no penaly was incurred by receiving it.

In support of this position we are referred to the case of *Mallory vs. Austin,* 7 *Barb. R.* 626, and the cases there referred to. These cases appear to establish the doctrine in the State of New York, that under statutes which authorize companies to receive tolls for each mile travelled upon their roads, a gross amount may be demanded at each gate equal to the toll as fixed by law for the whole distance between the gates, although the whole distance may not have been travelled. But our statutes seem to require that a different construction should be given to these provisions. Section three of chapter four hundred and seventy-eight of the session laws of 1852, imposes a penalty of ten dollars upon every traveller who shall report untruly, or refuse to report when requested by any toll-gatherer or other person employed on the road, the distance he has travelled, or desires to travel. Section two of the same chapter provides that the company shall erect and maintain suitable mile-posts on the road. These provisions were evidently intended to facilitate the collecting of tolls for the distance actually travelled, and are repugnant to the idea that the company can take toll of a traveller who passes a toll-gate, for the whole distance between the gates, although the whole distance has not been travelled. We therefore think that the tolls established by the act of 1853, are different from those established by the laws of 1846 and 1848, above referred to.

As the action in this case is brought against the company for the act of its agent, who demanded of

Reynolds the sum fixed by these acts, and as that is more than the amount which the company is authorized to receive, if Reynolds can only be required to pay for the distance he actually travelled, we are driven to the necessity of deciding whether the act of the legislature which restricts the company to this rate of toll is obligatory.   The counsel for the company contends that it is not, for the reason that it impairs the obligation [of the contract entered into by the legislature of the territory and the company, by the act of incorporation, and is thus repugnant to the Constitution of this State, (*Art.* 1, § 12,) and also to the Constitution of the United States, (*Art.* 1, § 10.)

June Term 1854.

Mad.,Wat. & Mil. P. R. Co. vs. Reynolds.

We are not disposed to controvert the proposition, that an act of the legislature which creates a corporation and confers privileges upon it, in consideration of certain things to be done by the corporation, is a contract within the meaning of the prohibition contained in the Constitution of Wisconsin and of the United States.   We are therefore forced to the consideration of the question whether the alteration made by the legislature in the charter of the company, was authorized.  As this corporation was created by the legislature of the territory of Wisconsin, we lay out of view the provision contained in *Art.* 11, 5, 1, of our State Constitution, which provides " that all general laws or special acts granted under the provisions of this section, may be altered, or repealed by the legislature at any time after their passage.

The section of which the words above quoted formed a part, authorizes the legislature to create corporations by general laws, and by special acts in certain cases.  The provision which is quoted may

JUNE TERM 1854.

Mad., Wat. & Mil. P. R. Co. vs. Reynolds.

obviate the necessity of the consideration of questions like the one before us in all cases where the corporation is created by the State.

The counsel for the company contends that as the original charter of the company, granted by the legislature of the territory, only authorized the legislature of the "future State" of Wisconsin to repeal or alter it; that the charter was entirely unaffected by the alteration attempted by the act passed by the legislature of the territory in 1848, and that the alteration by the legislature of the State is equally ineffectual for the reason that it only amends the act of 1848, which in no way affects them. The company contends further, that if it could be affected by any amendment of the act of 1848, the act of 1853 does not have that effect, because it does not purport to be an amendment of it.

The first section of the act of 1853 is as follows : "Section 7 of an act to provide for the construction of the Lisbon and Milwaukee Plank Road, from Watertown to Madison, approved April 1st, 1848, is hereby amended so as to read as follows." The act which is supposed to be referred to by the counsel for the defendant in error, was passed on the 1st day of March, 1848, and is entitled " an act to provide for the continuation of the Lisbon and Milwaukee Plank Road from Watertown to Madison." The counsel for the company contends that as the act of 1848 provides for the *continuation* of the road from Watertown to Madison, it cannot be affected by an act of the legislature which purports to amend an act which provides for the *construction* of the road. We think this is a mistaken view of the matter. It will be seen that the act of 1853 does not refer to the

act of 1848, by its title, but by its subject matter. JUNE TERM 1854.

Mad., Wat. & Mil. P. R. Co. vs. Reynolds. Now the first section of the act of 1848 authorizes the company to "locate and construct a plank road from Watertown to Madison in continuation of the road which said company is authorized to make from Milwaukee and Lisbon to Watertown." Nor do we think the mistake in regard to the date of the act creates any difficulty in ascertaining the act to be amended.

If the act of 1848 had been referred to only by its date, it might have been impossible to ascertain what act the legislature intended to amend. But the particularity with which the subject matter of the act of March 1st, 1848, is referred to by the act of 1853, prevents any difficulty in determining what act the legislature referred to. There can, therefore, be no doubt that the act of 1853 does refer to the act of 1848, which purports to amend the act of 1846 by which the company was created.

It remains to be considered whether the act of 1853 has had the effect to alter the tolls which the company was authorized to take. It may well be doubted that if the act of 1846, which created the company, and fixed the tolls which it was authorized to take, was unaffected by the act of 1848, passed by the legislature of the territory, any amendment of the latter act would affect the company. But admitting that the legislature of the territory could pass no act which would have the effect to alter or amend the charter of the corporation without the consent of the corporators, we think that the facts in the case show that the alteration was with their concurrence.

The act of 1848 changed the name of the corporation; and by the name given it by the act in ques-

June Term
1854.

Mad., Wat.
& Mil.
P. R. Co.
vs.
Reynolds.

tion, it now does business; by this name it appears and defends this suit. It cannot be permitted to deny the authority of the legislature of the territory, to pass the act in question, after it has availed itself of those provisions contained in the act which are beneficial to it. It must therefore, be held to have concurred in the alterations of its charter, which were made by the act.

If these views are correct, there seems to be no doubt of the power of the legislature of the State to alter the tolls as was done by the act of 1853, and impose the penalty mentioned in the act for taking tolls not authorized by it.

It was contended by the counsel for the company, that as the act of 1848 in terms repealed the 18th section of the act of 1846, which authorized the legislature of the State to alter or repeal the act, those parts of the act of 1846 which were not repealed by the act of 1844 and the act of 1848 itself, were irrepealable. This, it was contended, took from the legislature the power to alter the rate of tolls as fixed in the act of 1846 and 1848. This argument is answered by the 9th section of the act of 1848, which is as follows: " This act may be amended by any future legislature of the territory or State of Wisconsin." This section, although it would not perhaps allow the legislature to repeal the acts which create the corporation, and thus put an end to its existence, certainly gives the legislature the power to make any reasonable amendment of those acts; and we think that the one under consideration is of that character. The judgment of the court below must be affirmed.