## SELLERS vs. THE UNION LUMBERING COMPANY.

HIGHWAYS. *(1) What rivers of this state are highways.*
STATUTES: FRANCHISE. *(2) Right to take tolls a franchise. (3) Statute granting franchise must designate a certain grantee.*

1. The doctrine of *Whisler v. Wilkinson*, 22 Wis., 572, that the rivers of this state of sufficient capacity to float logs to mill or market are public highways, followed.
2. The right to collect tolls upon logs put into a river, granted by a statute, is a franchise, and like other property must have a certain owner.
3. Ch. 12 of 1873, by its terms, authorizes any person, company, corporation, their successors or assigns, who shall, at a prescribed expense, have improved a certain river by prescribed works, and shall keep the same in repair, so as to facilitate the floating of logs, to collect certain tolls upon logs put into the river. *Held*, that the statute purports to grant the franchise, not to one person, or company of persons, or corporation, but to every person improving the river according to the terms of the statute, whether before or after its passage; and it is void for want of a *certain grantee.*

APPEAL from the Circuit Court for *Chippewa* County.

Action for a balance claimed to be due plaintiff on a sale of certain saw logs. The defendant, in its answer, among other counterclaims, set up a claim, under ch. 12, Laws of 1873, for toll upon certain logs floated by the plaintiff down the Yellow river, by the aid of its improvements constructed therein prior to November, 1872, and down to the commencement of the action, and alleged by it to have been erected and maintained at an expense of eighteen thousand dollars.

Upon the trial, all testimony under this counterclaim was excluded by the court; and the plaintiff had a judgment, from which the defendant appealed.

*J. M. Bingham,* for appellant, as to the power of the legislature to pass laws providing for the payment of toll, cited Cooley's Con. Lim., 91, 650, 651; 1 Kent's Com., 422 and note; 1 Wood. & Min., 401; *Wadsworth v. Smith,* 11 Me.,

278; *People v. Fisher*, 24 Wend., 220; *People v. Draper*, 15 N. Y., 532, 543; and as to the control of the state over its streams, *Veazie v. Moor*, 14 How. (U. S.), 568; *Palmer v. Cuyahoga Co.*, 3 McLean, 226; *Kellogg v. Union Co.*, 12 Conn., 7.   The defendant's improvements in the river had been made before plaintiff's logs were cut or put in.   Defendant was justly entitled to pay for the use of its improvements, but it being without a remedy in law, the legislature interfered and gave it one.

*W. P. Bartlett*, for respondent:

The Yellow river was a navigable stream. *Morgan v. King*, 35 N. Y., 454.   Unequal and partial legislation upon general subjects is in violation of the constitution, though not in conflict with any particular provisions thereof.   *Calder v. Bull*, 3 Dallas, 386; *Durkee v. Janesville*, 28 Wis., 464.   Ch. 12, Laws of 1873, is not general, applying to all citizens, but only to those who may have made improvements prior to its passage.   Again, plaintiff's logs having been put into the river before the passage of the act, such act, as applied to them, is retroactive, imposing an obligation where none before existed, against the will of the persons to be charged, and is void for that reason.   *Hasbrouck v. Milwaukee*, 13 Wis., 37; 1 Kent, 455; Smith's Com., §§ 347, 382; *Atkinson v. Dunlap*, 50 Me., 111; *People v. Frisbie*, 26 Cal., 135; *Davis v. Menasha*, 21 Wis., 491; *State v. Atwood*, 11 id., 422; *Austin v. Burgess*, 36 id., 187.

RYAN, C. J.   It was agreed by counsel on the argument that Yellow river, the subject of ch. 12 of 1873, was, prior to the passage of that statute and to the improvement of it by the appellant, of sufficient capacity to float logs; though its capacity was materially increased by the works of the appellant. The river was therefore a public highway.   *Whisler v. Wilkinson*, 22 Wis., 572.

The statute of 1873 authorizes any person, company or cor-

poration, their successors or assigns, who *shall have*, at pre-
scribed expense, improved the river by prescribed works, and
shall keep the same in repair, so as to faciliate the floating of
logs, to collect certain tolls upon logs put into the river. Of
course the right which the statute assumes to grant, is a fran-
chise. 2 Black., 38; *Plankroad Co. v. Reynolds*, 3 Wis.,
287; *Chapin v. Crusen*, 31 id., 209.

A franchise is property; an incorporeal hereditament (2
Black., 37; 2 Stephen's Com., 14); a certain privilege con-
ferred by grant from government and vested in an individual.
3 Kent, 458. "Franchises are special privileges conferred by
government upon individuals, and which do not belong to the
citizens of the country, generally, of common right." *Bank
v. Earle*, 13 Pet., 519.

Like every other kind of property, a franchise must have
a certain owner. It can only exist by grant; for title by pre-
scription presupposes a grant. *Trotter v. Harris*, 2 Y. & J.,
285. And a certain grantee is essential to a grant. 2 Black.,
296, 317, 347.

In England, franchises were formerly granted by the crown
only to persons or corporations; latterly, corporate franchises
are commonly granted by parliament. In this country, fran-
chises proceed from the legislative power, and are very gener-
ally granted to corporations. Indeed the right of incorpora-
tion is said to be itself a franchise. 2 Black., 37; Ang. &
Ames on Corp., sec. 4. A corporation may be presently cre-
ated by the terms of a statute, without condition precedent or
preliminary. But very commonly, charters are framed, not
of themselves creating, but authorizing the formation of cor-
porations upon preliminary conditions. Under the former
class of charters, the corporation created is the grantee of the
franchises conferred. Under the latter class, neither the fran-
chise to be a corporation, nor the particular franchise con-
ferred, takes effect before the actual formation of the corpora-
tion. When the corporation is formed, the franchises con-

ferred vest in it as grantee.  *Att'y General v. Railway Companies*, 35 Wis., 599.   Franchises so conferred are like any other estate granted upon condition precedent, the estate vesting upon condition fulfilled.   But like every other operative grant, franchises so conferred have a certain grantee.

We are not able to agree with the learned counsel for the appellant in the construction of the statute in this case.   The franchise is granted to any one who shall have improved the river; that is, who shall have done so at any time before the right to collect toll shall accrue.   And so the franchise runs to any one improving the river according to the terms of the statute, whether before or after its passage, to take toll in right of his improvement.

And the franchise is not to one person or company of persons or corporation; but expressly to any person, that is to every person, who shall have improved the river in the terms of the statute.   We see no reason why, under the statute, other persons or corporations, thinking the improvement of the appellant insufficient, may not again spend the sum required by the statute in further improvement of the river, and thereupon claim a like franchise to that claimed by the appellant, and so subject lumber floating down the river to an indefinite number of distinct tolls, each to the full measure of the statute.   This was the construction given to a statute of Michigan, in this particular not unlike the statute before us.  *Ames v. Port Huron Co.*, 11 Mich., 139.   We are unable to give any other construction to the statute under which the appellant claims.   This would not only be most oppressive in practice, but might well of itself render the whole grant void for duplicity.   See 2 Black., 37; Wilcock, 27, cited in *Stroud v. Stevens Point*, 37 Wis., 367; 2 Rolle's Abr., 191, n. 2, 3.

The ingenious position was taken for the appellant, that the statute has relation to improvements of the river already made at the time of its passage; and that the appellant only having then improved the river as required by the statute, must be

held to be the sole grantee of the franchise. Of course the position fails in our construction of the statute, even if it were competent to ascertain by parol the grantee of an indefinite franchise intended by a statute. And we may say in passing that it is inconceivable why, if the legislature intended to grant the franchise to the appellant, it should not have said so in plain words, instead of hiding its intention in such inapplicable terms.

We are quite clear that the statute indicates no grantee of the franchise; that the grant is to any and every person who may choose to avail himself of it; that the franchise fails for want of a grantee; and that the grant is void for uncertainty. And we may be permitted to say that, if the legislature had power to do it, it would be most unwise and dangerous to create franchises in so loose a manner, for any one to assume and relinquish at pleasure; to grant tolls upon a public highway to any person who should voluntarily assume to spend his money in the improvement of it. Courts have always been jealous of such grants, so loose and so liable to abuse, and we hope will always be so.

*By the Court.* — The judgment of the court below is affirmed.