[No. 3088.  Decided April 6, 1899.]

COMMERCIAL ELECTRIC LIGHT AND POWER COMPANY, *Appellant*, v. STEPHEN JUDSON, *Treasurer of Pierce County, et al., Appellants.*

TAXATION — COMPOSITION OF BOARD OF EQUALIZATION — COLLATERAL ATTACK.

Where the owner of property appears before a board of equalization to be heard respecting the valuation of his property fixed by the assessor, and raises no objection to the manner in which the board is constituted, he cannot subsequently make a collateral attack in another proceeding upon the composition of the board.

SAME—CORPORATE FRANCHISES.

Franchises, being a species of personal property, are taxable under art. 7, § 1, of the state constitution, which provides that "all property in the state not exempt under the laws of the United States or under this constitution, shall be taxed in proportion to its value," and under Laws 1897, p. 136, providing that "all real and personal property now existing, or that shall be hereafter created or brought into this state, shall be subject to assessment and taxation."

SAME—METHOD OF ASSESSMENT.

A tax upon franchises is not invalid because the legislature has not specifically provided a method of ascertaining their value.

Appeal from Superior Court, Pierce County.—Hon. THOMAS CARROLL, Judge.  Reversed.

*Stiles & Nash,* for plaintiff:

The proposition we lay down in this case is that the whole of the tax assessed against appellant's property was absolutely void, because there was no lawful board of equalization in the county to which it could appeal for correction of its assessment.  When it is conceded that no such board sat, it is conceded that a constitutional link in the chain of assessment and taxation was wanting, which,

under every authority, renders the pretended tax a nullity. This court has frequently held that the only resort for redress as to personal property is the board of equalization, except in case of fraud.    Such a tribunal acts judicially. *Hagar v. Reclamation District,* 111 U. S. 701-710 (28 L. ed. 569).    It must be constituted as the law provides and must sit at the time and place fixed for its sessions, or its acts are without jurisdiction and the tax levied is void.    Cooley, Taxation, §§ 265-267; Blackwell, Tax Titles, p. 513; *Slaughter v. Louisville,* 89 Ky. 112; *Ormsby v. Louisville,* 79 Ky. 197; *Woodman v. Auditor General,* 52 Mich. 28; *Township of Caledonia v. Rose,* 53 N. W. 928; *Powers v. Larrabee,* 49 N. W. 724; *Kuntz v. Sumption,* 117 Ind. 1 (2 L. R. A. 655).

*A. R. Titlow,* Prosecuting Attorney, for defendants:

The attack the plaintiff is attempting to make is a collateral attack, and the acts of the board of equalization in this case cannot be attacked that way.    *United States Trust Co. v. Mayor,* 39 N. E. 384; *Godfrey v. Douglas County,* 43 Pac. 174; *Farrington v. Investment Co.,* 45 N. W. 191.

The opinion of the court was delivered by

REAVIS, J.—Action by plaintiff, a private corporation, against defendants, to recover the sum of $553.99, claimed to have been illegally exacted for taxes upon the property of plaintiff for the year 1897, which taxes were paid under protest after seizure of property under a tax warrant. Plaintiff alleges two sums were illegally exacted,—one a tax of $132.50 on the franchise of the corporation; and an excessive tax of $421.49, arising from over assessment of plaintiff's personal property, without any opportunity for a hearing having been given before the board of equalization provided for by law.    Plaintiff conceded that it ought to pay a tax on a valuation of $11,068 of $293.30, but

alleged an excess exacted of $553.99. The case was tried by the court, and the material facts found are substantially that upon the 1st of March, 1897, plaintiff was the owner of personal property in Tacoma, which it duly listed as of the value of $11,068, but that the value of the personal property of plaintiff was largely in excess of that sum; that the county assessor assessed and valued the personal property of the plaintiff at the sum of $30,350, which included the valuation upon the franchise owned by the plaintiff at the sum of $5,000; that the plaintiff was the owner of a franchise granted by the city of Tacoma of the right to use the streets, highways, alleys, and avenues of the city over which to transmit and convey power and light to its customers, and the rights appertaining thereto; that about the 7th of August, 1897, plaintiff delivered to and filed with the auditor of Pierce county, as clerk of the board of equalization, its petition in writing, praying the board to reduce the assessments so made by the assessor to the sum of $11,068, and also praying that the item, "franchise assessed at $5,000," be stricken off the assessment of plaintiff's property on the ground that the same was illegal and double taxation, and the further reason that the franchises of other corporations of like character were not assessed in the county and state; and in said petition also prayed a hearing, that a time be fixed by the board, and that at the hearing part of the city council of the city of Tacoma, it being a city of the first class, should sit as a part of the board of equalization. The court also found that franchises of other like corporations and persons were assessed in the county, and equalized by the board of equalization, and that there was no unjust discrimination in this regard against plaintiff, and that the county board of equalization for the year 1897 was composed of the three county commissioners, who duly qualified as members of such board; that the city council of the city of Tacoma ap-

pointed three members of the council to sit as a board of
equalization during the year, but that the parties so ap-
pointed, and each of them, failed to present themselves or
their credentials to the auditor of Pierce county, the clerk
of the board of equalization, to offer to qualify and sit as.
members of the board, or as part thereof; that the petition
of the plaintiff for reduction of its assessment as made by
the county assessor was duly denied by the board of equali-
zation; that the board thereafter duly notified plaintiff
that its assessment would be raised from the amount fixed
by the assessor to the sum of $31,973, unless plaintiff
showed cause why it should not be raised in accordance
with the notice; that the board at the hearing found that
the value of the property was the sum of $31,973, and
equalized its value at that amount; and that the board of
equalization at said time was duly organized. The court
also found that no members of the city council of Tacoma
sat as members of the board of equalization for the year
1897 for property within the city of Tacoma, but that
three members of the city council, appeared on the 4th of
August, 1897, before the board, and in response to an
interrogation as to their sitting as members of the board
the chairman of the board as then organized replied that
he thought the board of equalization was then legally
organized, and denied the members of the council the right
to sit. The complaint alleges no fraud on the part of the
assessor or the board of equalization as constituted for the
year 1897, and no evidence was introduced in support of
any fraud committed by the assessor or the board in fixing
the valuation of the property of plaintiff. The court, as
legal conclusions, determined that the assessment for the
taxation of plaintiff's property for the year 1897 as to the
franchise valued at the sum of $5,000 was void, for the
reason that franchises were not subject to taxation under
the laws of this state, and that as to the balance of the

property it was legally assessed and equalized; that plaintiff, by its appearance before the board of equalization without objection, in response to the notice to show cause why its assessment should not be raised, and failing to object at that time to the legality of the board, if any objection existed, waived its right to object to the board as then constituted, and that the failure of the members of the city council to appear and qualify or offer to qualify in no way affected the legality of the board of equalization as then constituted, and a decree was entered in favor of plaintiff for $132.50, with interest, on account of the tax collected upon the franchise. Both plaintiff and defendants excepted to the judgment,—the plaintiff to the allowance of any tax, and the defendants to the judgment for recovery of $132.50, amount collected as tax on the franchise.

1. The findings of fact made by the superior court seem to be sustained by the evidence. The suggestion of discrimination in the assessment of the franchise of plaintiff, if true, might be answered by a reference to the revenue laws and the provision for the assessment of property which has been omitted from the tax roll. But the court has found that such discrimination did not, in fact, exist. It is not competent for plaintiff to make a collateral attack here upon the composition of the board of equalization. Upon notice duly given from the board, it appeared, and was heard upon the valuation of its property fixed by the assessor, and raised no objection to the manner in which the board was constituted; and therefore we think the equalization of the assessment was properly made, and, in the absence of any allegation of fraud, such equalization of the value of personal property is conclusive.

2. The important question is brought here by defendants. The superior court concluded that a franchise was

not subject to taxation under the laws of this state. The state constitution (article 7, § 1) declares:

"All property in the state not exempt under the laws of the United States, or under this constitution, shall be taxed in proportion to its value, to be ascertained as provided by law."

The revenue laws of 1897 (p. 136) provide:

"All real and personal property now existing, or that shall be hereafter created or brought into this state, shall be subject to assessment and taxation."

Section 3 of the same act provides:

" Personal property for the purposes of taxation shall be construed to embrace and include, without specifically defining or enumerating it, all goods, chattels, moneys, stocks or estate; all improvements upon lands, the fee of which is still vested in the United States, or in the state of Washington, or in any railroad company or corporation, and all and singular of whatsoever kind, name, nature and description, which the law may define or the courts interpret, declare and hold to be personal property, for the purpose of taxation, and as being subject to the laws, and under the jurisdiction of the courts of this state, whether the same be any marine craft, as ships and vessels, or other property holden under the laws and jurisdiction of the courts of this state, be the same at home or abroad.    .    .    ."

Section 8 provides:

" Personal property shall be listed in the manner following: First, every person of full age and sound mind, being a resident of this state, shall list all his moneys, notes, accounts, bonds or stock, shares of stock of joint stock or other companies (when the property of such company is not assessed in the state), franchises, royalties and other personal property.    .    .    ."

Section 5202, Ballinger's Code, declares that all franchises of every kind and nature are subject to sale upon execution and sale upon foreclosure of mortgage, in the

same manner as any other personal property. That a franchise is property cannot be questioned, and that, unless it is exempted from taxation, it is liable to assessment, is equally correct. No argument is made here by counsel for plaintiff that any law of this state exempts franchises from taxation; but it is maintained by counsel that no statute can be found specifically providing a method of ascertaining the value of franchises, and their objection to this tax seems to be founded upon the absence of such provision for ascertainment of the value of franchises. Almost this precise question seems to have been determined by the supreme court of Wisconsin in the case of *State ex rel. Milwaukee St. Ry. Co. v. Anderson,* 90 Wis. 550 (63 N. W. 746). There a street railway company was assessed upon its personal property, specifying cars, motors, snow plows, sweepers, and other vehicles, and all other personal property, and also franchises. The court observed:

" It is contended on behalf of the railway company that its franchises are not liable to assessment and taxation, for the reason that no provision or rule has been enacted for their valuation.   .   .   .   It was not denied—indeed, it was rightly conceded—that the franchises of the street-railway company are property.  It is believed that there is no authority to the contrary, nor is it seriously questioned but that the franchises of the company, and its property of whatever kind, necessary or essential to their exercise and use to carry out the purposes for which it was created, are in law an entirety, and indivisible, and not subject to severance by sale for taxes under the general operation of the tax laws or other legal process.   .   .   . The method of taxation in this state is upon the valuation of property taxed, and the statute does not provide for a certain, specific tax on franchises, like an excise rate, and known as a franchise tax, under methods of taxation in use in many of the states. 'In some states,' says Mr. Cooley in his work on Taxation (page 383), 'all taxation, as far as possible, is brought to an *ad valorem* standard.  Franchises are property, and in such states may be taxed by

valuation, being estimated for the purpose either separately or as a part of the aggregate corporate property.' *State Board of Assessors v. Central R. Co.,* 48 N. J. Law, 283, 288, 347 (4 Atl. 578). They have a value which can be estimated, and this is the proper duty of the assessor or the board of review. In *State Railroad Tax Cases,* 92 U. S. 603, it is laid down: 'That the franchise, capital stock, business, and profits of all corporations are liable to taxation in the place where they do business, and by the state which creates them, admits of no dispute at this day. "Nothing can be more certain in legal decisions," says this court in *Society for Savings v. Coite,* 6 Wall. 607, "than that the privileges and franchises of a private corporation . . . may be taxed by a state for the support of the state government."'   *State Freight Tax Case,* 15 Wall. 232; *State Tax on Railway Gross Receipts,* 15 Wall. 284. In *Wilmington Railroad v. Reid,* 13 Wall. 268, the court says that 'nothing is better settled than that the franchise of a private corporation—which, in its application to a railroad, is the privilege of running it, and taking fare and freight—is property, and of the most valuable kind.' And in *Morgan v. Louisiana,* 93 U. S. 223, it is said that they 'are rights or privileges which are essential to the operation of the corporation, and without which its road and works would be of little value. . . . They are positive rights or privileges, without the possession of which the road of the company could not be successfully worked. Immunity from taxation is not one of them. *Chesapeake & O. R. Co. v. Miller,* 114 U. S. 186 (5 Sup. Ct. 813); *Sterling Gas Co. v. Higby,* 134 Ill. 557 (25 N. E. 660); *Spring Valley Waterworks v. Schottler,* 62 Cal. 110; *Central Pac. R. Co. v. State Board of Equalization,* 60 Cal. 35; *Veazie Bank v. Fenno,* 8 Wall. 547. We have the general and paramount provision making franchises taxable. Legislative direction as to the matter of valuation is a convenience, rather than an absolute necessity, and the lack of such direction does not argue the absence or suspension of the general power to tax. The value of franchises, especially in connection with the property reasonably necessary for their exercise and use, and which, without them, would be of little or no practical

value, can be estimated as well as the value of other subjects of taxation, though perhaps not as readily, or with the same degree of certainty. The cardinal requirement is that, as property, they shall be taxed. All else is matter of method and detail. The assessors, board of review, and other officers would seem to be competent, under their general powers under the law, to fix their value and extend the tax."

The supreme court of the United States, in *Society for Savings v. Coite,* 6 Wall. 594, observes, with reference to the taxation of franchises:

" Such a power resides in government as a part of itself, and need not be reserved when property of any description, or the right to use it in any manner, is granted to individuals or corporate bodies. . . . The privileges and franchises of a private corporation are as much the legitimate subject of taxation as any other property of the citizens which is within the sovereign power of the state. Repeated decisions of this court have held, in respect to such corporations, that the taxing power of the state is never presumed to be relinquished, and, consequently, that it exists unless the intention to relinquish it is declared in clear and unambiguous terms."

But it will be observed, upon examination of the authorities mentioned in the case of *State ex rel. Milwaukee St. Ry. Co. v. Anderson, supra,* that it is a settled principle that franchises are subject to taxation, and it is a firmly established rule in this state that all property not specifically exempt by law is subject to taxation. We therefore conclude that the objection to the assessment and taxation of corporate franchises is not tenable, and we think the objection to the assessment because the method has not been prescribed by the legislature is sufficiently answered by the supreme court of Wisconsin, *supra.* In the case of *Commonwealth v. New England Slate & Tile Co.,* 13 Allen, 391, the supreme court of Massachusetts said:

"And the fact that the defendant corporation held property which was subject to the burden of taxation in other ways does not render this tax upon its franchise illegal."

See, also, *Commonwealth v. Lowell Gaslight Co.*, 12 Allen, 75. The court of appeals of New York, in *Monroe Co. Sav. Bank v. City of Rochester*, 37 N. Y. 367, said:

" The powers and privileges which constitute the franchises of a corporation are, in a just sense, property, and quite distinct and separate from the property which, by the use of such franchises, the corporation may acquire. They are so regarded by the law, and so regarded by common acceptation. And, although it has not heretofore been customary, in this state at least, to subject them to taxation, yet it must be conceded that it may be done if the legislature sees fit so to enact."

We can find no more practical difficulty in the assessment and valuation of a corporate franchise by competent officers under our revenue laws than in some other kinds of personal property which is taxed in this state. Some difficulty or perplexity arises in the valuation of much incorporeal property for taxation. It is concluded, therefore, that the franchise of plaintiff was properly assessed, and the judgment of the superior court is reversed and remanded, with direction to enter judgment for defendants.

GORDON, C. J., and ANDERS and DUNBAR, JJ., concur.