[No. 3507.   Decided December 8, 1900.]

W. M. Ridpath et al., Respondents, v. Spokane County et al., Appellants.

TAXATION—SHARES OF STOCK.

All the property of domestic corporations in this state, other than banking, being assessable for taxation as the property of the corporation itself, the shares of stock therein held by individual shareholders cannot be assessed against them personally.

Appeal from Superior Court, Spokane County.—Hon. Leander H. Prather, Judge.   Affirmed.

James Z. Moore, Prosecuting Attorney, Miles Poindexter and Horace Kimball, for appellants.

Graves & Graves, for respondents.

The opinion of the court was delivered by

Reavis, J.—Suit to enjoin the collection of a tax levied upon shares of stock in the Le Roi mining company. The mining company is a corporation created, organized, and existing under the laws of Washington, having its principal place of business at the city of Spokane. The respondents severally owned shares of the capital stock in such corporation, and, with one exception, were residents of the county of Spokane. The mining company owned and operated a valuable mine in the province of British Columbia. It also owned real estate and a smelter situated in Stevens county, together with personal property consisting of ore and other chattels, and likewise of personal property necessary to the carrying on of its corporate business in Spokane, consisting of office supplies, furniture, and material, and certain moneys in its possession. The corporation was assessed on personal

property in Spokane county in the sum of $1,550, and assessed in Stevens county on personal property in the value of $31,150, and upon realty in the value of $23,-050. The assessor of Spokane county, during the assessment year of 1898, requested each of the respondents for a list of his property, real and personal, situated and taxable in Spokane county, and was furnished with such list by each of them, which list included all the real and personal property of each except the shares of capital stock in the said corporation; and thereafter, without the knowledge of the respondents, the assessor added to the list of each the capital stock of the corporation owned by him, for the purpose of assessment. Respondents appeared before the board of equalization at its regular session and demanded that the shares of stock be stricken from the assessment roll, claiming that they were not properly assessable to the respondents. The above statement is taken from the complaint. There are other causes for relief alleged in the complaint, but those mentioned are sufficient for the consideration of the cause. A general demurrer was interposed to the complaint and overruled by the court. Appellants standing upon their demurrer, judgment was entered for respondents, from which appellants have appealed.

Section 1676, Bal. Code, provides that, "the president, secretary or principal accounting officer or agent of any company or association, whether incorporated or unincorporated, except as otherwise provided for in this chapter, shall make out and deliver to the assessor a sworn statement of its property, setting forth particularly,— First: The name and location of the company or association; Second: The real property of the company or association and where situated; Third: The nature and value of its personal property." The section further pro-

vides that the real and personal property of such corporation shall be assessed the same as other real and personal property, and in case of failure or refusal of the corporation to make a return, it shall be the duty of the assessor to make such return or statement from the best information he can obtain. The Le Roi Mining Company is a domestic corporation, and its property must be assessed under the above section. Section 1664, Bal. Code, directs the manner of listing personalty, and requires that every competent resident of the state shall list all his property, including bonds or stocks and shares of stock of joint stock or other companies, *when the property of such company is not assessed in the state;* and also that the property of the body politic or corporate shall be listed by the president or proper agent or officer thereof. Section 1671 prescribes that no person listing property shall be required to list for taxation in his statement to the assessor any share or portion of the capital stock or of any of the property of any corporation which such person may hold in whole or in part, where such company, being required so to do, has listed for assessment and taxation its capital stock and property with the auditor of state, or as otherwise required under the laws of the state.

It would seem that the revenue law, as shown from the three sections, *supra,* prescribes a rule for the assessment of all corporate property owned by domestic corporations such as under consideration here. Included in the corporate property is both the tangible and intangible property. It was determined in *Commercial Electric Light & Power Co. v. Judson,* 21 Wash. 49 (56 Pac, 829), that, under the provisions of the revenue law that all the real and personal property in the state should be subject to taxation, a corporate franchise was assessable.

There can be no question but that the property of a domestic corporation of every nature in this state, such as this, is assessable to the corporation. This includes both tangible and intangible property. The tangible property may be valued in connection with its use with the intangible. In the instance before us, in so far as the property situated in the state is connected with and enhanced in value by the business of the corporation in British Columbia or elsewhere, the taxable property here is valuable. *Adams Express Co. v. Ohio State Auditor,* 166 U. S. 185 (17 Sup. Ct. 604) ; *Adams Express Co. v. Kentucky,* 166 U. S. 171 (17 Sup. Ct. 527) ; *Henderson Bridge Co. v. Kentucky,* 166 U. S. 150 (17 Sup. Ct. 532) ; *Henderson Bridge Co. v. Commonwealth,* 99 Ky. 623 (31 S. W. 490).

It was the duty of the assessor to list all the tangible and intangible property of the corporation, and to estimate its value in connection with the tangible property in the state. It is maintained by counsel for appellants that only the tangible property of the corporation was assessed. If so, there was an incorrect assessment. It has been seen that it is the duty of the proper officer of the corporation under oath to return a list of all property to the assessor. If such information is not furnished the assessor, it is his duty to procure the necessary information to make a complete assessment. The statute seems to imply that, when corporate property is assessed in this state, the shareholders are not required to list the shares owned by them. It seems quite clear that the statute does not contemplate the assessment of shares owned by the shareholders in domestic corporations; that is, it cannot be inferred that the individual shareholders should, in each instance, be advised of the performance of the duty of the officers of the corporation, as well as

the assessor.   To this question the case of *Whitaker v. Brooks,* 90 Ky. 68 (13 S. W. 355), is pertinent.   The court observes:

"It is unnecessary, however, to decide what portion of its property, if any, which is employed in its business in Ohio, can, by proper steps against it as a home corporation, be reached for taxation here; * * *.   The grant of exemption to the shareholder has not been made to depend upon this being done.   If it cannot be done under existing law, then resort must be had to additional legislation, instead of a court attempting to annul a plain legislative grant of exemption to one, because another has failed to perform what is perhaps a legal duty."

Counsel for appellants contend that the case of *Pacific National Bank v. Pierce County,* 20 Wash. 675 (56 Pac. 936), supports their case; that, because the bank in that case was not allowed to deduct shares held by it in domestic corporations already taxed, it was adjudged that double taxation was not unconstitutional in this state.   That is true.   But the taxes assessed to the bank under the statute were specified, and, besides, the assessment on bank shares is an excise tax.   The methods of taxation of banks and of domestic corporations such as this mining company are different.   The classification of property for assessment, where uniformity and equality exist in the classes, is a matter of legislative policy.   In the taxation of banks the legislature has chosen to have the assessment on the shares of the capital stock; in that of corporations, as this, it has directed the assessment of all the property to the corporation.   While the legislature may so adjust the revenue system as to occasion double taxation, such taxation will not be inferred unless necessarily imposed in carrying out the law. .

From the foregoing considerations it is concluded that the judgment must be affirmed.

DUNBAR, C. J., and FULLERTON and ANDERS, JJ., concur.