[No. 3572.   Decided February 28, 1901.]

CHEHALIS BOOM COMPANY, *Appellant,* v. CHEHALIS COUNTY *et al., Respondents.*

24   135
f24   377

CORPORATIONS — FRANCHISE — WHAT CONSTITUTES.

The right given by statute to form boom companies for the purpose of improving floatable streams, operating booms therein, and charging tolls for logs boomed, constitutes a franchise to any company organized and operated thereunder, although the right possessed by such company may not be an exclusive one.

TAXATION — CORPORATIONS — RIGHT TO TAX FRANCHISE — NOT AF-
     FECTED BY LICENSE FEES.

The annual license fee of ten dollars imposed by statute upon corporations doing business in this state, is merely an excise upon the right of the corporation to exist and does not supersede the right to tax the franchise of the corporation.

SAME — ASSESSMENT — OBJECTIONS TO VALUATION — TIME AND PLACE
     TO URGE.

A corporation cannot complain of the arbitrary valuation placed upon its franchise by the assessor, where it has made no application to the board of equalization for a reduction of the valuation placed upon its personal property.

Appeal from Superior Court, Chehalis County.—Hon. CHARLES W. HODGDON, Judge.   Affirmed.

*Sidney Moor Heath,* for appellant.

*W. H. Abel,* for respondents.

The opinion of the court was delivered by

REAVIS, C. J.—Suit to enjoin the collection of a tax upon the franchise of a boom company. The appellant is a domestic corporation, organized in 1888 under the provisions of the statute relating to boom companies, found in § 1590 and following sections, 1 Hill's Code. The principal office and place of business of the appellant is in Chehalis county. In the year 1898 an officer of the company returned a detail list to the county assessor of certain real estate and personal property, consisting of fixtures, etc. Upon the detail list the assessor fixed the value of the real property, and thereupon entered the value of the personal property, and added the franchise of the company, fixing the value of the personal property, including the franchise, at $20,000.

The errors deemed material for consideration here, as presented by the appellant, are two: (1) That there was no franchise to tax, or, if the company has a franchise, that it is not such a one as is subject to taxation; and (2) that the assessment was arbitrarily, fraudulently, and maliciously made. The first contention, that the franchise of a boom company is not subject to taxation, may be considered. The objects of the corporation, as stated in its articles, are to build, maintain, and operate booms on the Chehalis and other rivers, and obtain franchises for the same; to assort, drive, store, and deliver to owners or mills such logs as shall come into such booms; to own or condemn land for the purposes mentioned; to dig canals, build railroads, own and operate steamers, and transact any and all business pertaining to the booming and handling of logs. The statute under which the in-

corporation was made prescribes the privileges and liabilities of boom companies. They are authorized, generally, to improve floatable streams, and meandered rivers and sloughs and navigable waters are declared to be public highways, and such corporations are declared to be public corporations. The improvement of the streams and sloughs and waters is deemed a public use. Such companies are authorized to charge tolls for all logs boomed by them, and they are given the right of eminent domain. It appears from the record that appellant has for many years had established a boom in the Chehalis river and been engaged, pursuant to the purposes of its incorporation, in carrying on its business. The right of appellant to establish and maintain its boom upon the stream which is declared a public highway, and to collect tolls for logs and timber, is a privilege and franchise. An examination of the provisions of the statute under which it is incorporated clearly indicates that such rights are conferred by public authority. The contention of counsel for appellant is that the privileges received by appellant under the statute are open and common to every person or corporation, and not exclusively in appellant; and therefore not the subject of taxation, and the constitutional provision against the granting of exclusive privileges is invoked. But this question was determined adversely to this argument in *Commercial Electric Light & Power Co. v. Judson,* 21 Wash. 49 (56 Pac. 829), which was followed in *Edison Electric Illuminating Co. v. Spokane County,* 22 Wash. 168 (60 Pac. 132). In neither of these cases was the right possessed by the company an exclusive one, in the sense that another company or person might not, under the same authority, engage in the same business, or enjoy the same privileges. The real question is, are such privileges valuable, and do they

exist by warrant of public authority? The right to occupy such streams and to charge tolls for booming logs and timber seems to follow, without any uncertainty, the recognized designation of a franchise. *Sellers v. Union Lumbering Co.,* 39 Wis. 527; 4 Am. & Eng. Enc. Law (2d ed.), p. 707, art. "Boom Companies."

It was observed in *Ridpath v. Spokane County,* 23 Wash. 436 (63 Pac. 261):

"There can be no question but that the property of a domestic corporation of every nature in this state, such as this, is assessable to the corporation. This includes both tangible and intangible property. The tangible property may be valued in connection with its use with the intangible."

But counsel for appellant urges that the license of $10 imposed by the legislature annually upon corporations doing business in the state is in lieu of other franchise taxation. It may be said with regard to this license fee, whatever it may be, that it goes no further than an excise upon the right of the corporation to be; that it is entirely distinct from the right to do. The privileges enjoyed by appellant in the operation of its boom seem to fall directly within the rule announced in *Commercial Electric Light & Power Co. v. Judson, supra,* and the other cases mentioned determined by this court.

The assessment seems to have been upon the value of the use of the franchise in connection with the tangible property of appellant. It appears that appellant made no application to the board of equalization for the reduction of the valuation placed upon its personal property. It would seem that, under the ruling of this court in *Olympia Water Works v. Thurston County,* 14 Wash. 268 (44 Pac. 267), *Olympia Water Works v. Gelbach,* 16 Wash. 482 (48 Pac. 251), and *Edison Electric Il-*

*luminating Co. v. Spokane County, supra,* specially applied to franchises, appellant cannot now well complain of the arbitrary valuation placed upon its personal property by the assessor. However, an examination of the testimony at the trial does not incline us to disturb the finding of the superior court upon this issue.

Judgment affirmed.

DUNBAR, FULLERTON and ANDERS, JJ., concur.